# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:03CV550
### (3:97CR54-1 & 3:98CR220-1)

| | |
|---|---|
| JOHN DALEY STRASSINI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM OF OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL HISTORY

On November 7, 1997, Petitioner was charged in *United States v. Strassini, et al.*, Criminal Case No. 3:97cr54, with eleven counts of bank fraud and six counts of making material false statements to banks. **Bill of Indictment, filed November 7, 1997, Criminal Case No. 3:97cr54.** On August 3, 1998, Petitioner was charged in *United States v. Strassini, et al.*, Criminal Case No. 3:98cr220, with six counts of bank fraud, seven counts of making material false statements to banks, and one count of obstruction of justice. **Bill of Indictment, filed August 3, 1998, Criminal Case No. 3:98cr220.** On September 10, 1998, the two cases were consolidated for trial. **Memorandum and Order, filed September 10, 1998.**

On October 7, 1998, the United States superseded the bill of indictment in Criminal Case No. 3:98cr220 to add counts charging the Petitioner with mail and wire fraud, money laundering, conspiracy to money launder and forfeiture. **Superseding Bill of Indictment, filed October 7, 1998.**

On December 4, 1998, the Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to Counts One and Eleven, both charging bank fraud, in Criminal Case No. 3:97cr54 and to Counts Two and Five, charging wire fraud and money laundering, in Criminal Case No. 3:98cr220. **Plea Agreement, filed December 4, 1998.** In the plea agreement, Petitioner was advised that he faced a maximum sentence of 30 years' imprisonment and he waived the right to contest his conviction or sentence on direct appeal or pursuant to 28 U.S.C. § 2255 on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. *Id.*, **at 1, 4.**

On December 7, 1998, Petitioner attended a Rule 11 hearing and was advised, among other things, of the elements of each offense, the maximum sentence for each offense and his waivers. **Transcript of Rule 11 Inquiry,**

**filed September 26, 2001, at 5-8, 15-16; Rule 11 Inquiry, filed December 7, 1998.** As is the custom in this Court, not only did the Petitioner answer each question during the hearing, but he and his attorney signed the Rule 11 Inquiry which was then filed of record. *Id.*, **at 10.** In that Inquiry, Petitioner acknowledged that his written plea agreement, which the Court reviewed with him, contained a provision waiving his right to appeal his conviction or sentence or to contest it in any collateral proceeding, including a § 2255 petition, on any ground other than ineffective assistance of counsel or prosecutorial misconduct. *Id.*, **at 9.** After being advised of the elements of each offense, the Petitioner also acknowledged that his guilty plea was knowing and voluntary, he was satisfied with the services of his attorney, he had discussed with his attorney how the Guidelines applied to his case, no one had coerced or threatened him, and he understood and agreed with the terms of his plea agreement. *Id.*, **1-10.**

On August 24, 1999, the undersigned sentenced the Petitioner to serve concurrently 72 months of imprisonment in Case No. 3:97cr54 and Case No. 3:98cr220. **Judgment in a Criminal Case, filed September 2, 1999.** On March 2, 2000, the Judgment of Conviction was amended to add an order of

restitution.  **Judgment in a Criminal Case, filed March 6, 2000.**  The Petitioner appealed both sentences and convictions arguing that the Court erred by failing to advise him of the materiality requirement as to the mail and wire fraud counts.[1]  The Fourth Circuit Court of Appeals affirmed his convictions and sentences on March 11, 2003.  **United States v. Strassini, 59 Fed. Appx. 550 (4th Cir.),** *cert. denied***, 540 U.S. 830 (2003).**

On November 17, 2003, Petitioner timely filed this § 2255 motion raising as grounds for relief ineffective assistance of counsel and prosecutorial misconduct.

### III.  DISCUSSION

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so

---

[1] After the Petitioner entered his plea of guilty but before he was sentenced, the United States Supreme Court ruled that materiality is an element of these offenses.  **Neder v. United States, 527 U.S. 1 (1999).**

serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id*. Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness and, that but for his conduct, there was a reasonable probability the result would have been different. *Id*., at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992) **(In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have pled guilty).** If the defendant fails to make the first showing, there is no need to consider the second. **Strickland, supra.**

Petitioner's primary complaint is that his attorney failed to advise him of the Supreme Court decision in *Neder*, *supra*. In this regard, the decision of the Fourth Circuit is telling.

> On December 7, 1998, Strassini appeared in court to enter his plea. The district court, pursuant to Fed. R. Crim. P. 11 (Rule 11), informed Strassini of the crimes to which he was pleading guilty by explaining the elements of bank fraud, wire fraud, and money laundering. The district court did not, however, discuss

the element of materiality in either the bank or wire fraud charge because, at the time of Strassini's plea hearing, this circuit had not included the element of materiality in bank and wire fraud. . . . On June 10, 1999, after Strassini's plea hearing but before his sentencing hearing, the Supreme Court decided *Neder*[.] In *Neder*, the Court held that "materiality of falsehood is an element of the federal mail fraud, wire fraud and bank fraud statutes." On August 24, 1999, the district court held Strassini's sentencing hearing. Strassini again stipulated to the factual basis in the Presentence Report and the district court entered guilty verdicts on all four pleaded counts. Nothing was said regarding *Neder* or materiality from any party or the district court, and Strassini did not attempt to withdraw his plea.

. . .

Strassini must demonstrate that he would not have entered into his plea agreement with the Government and would not have pleaded guilty in his plea hearing if the district court had complied with the requirements of Rule 11 and included the element of materiality in its recitation of the bank and wire fraud charges. Strassini points to his own comments in his plea hearing that the harm to NationsBank was not "material" because NationsBank was never at a risk of loss and he repaid the loans as evidence that he would not have pleaded guilty had he known that materiality was an element of bank and wire fraud. Viewed in isolation, these comments might be persuasive if, as a defense to bank and wire fraud, Strassini could have asserted that he had repaid the financial institutions the money they lent him or that the financial institutions were never at a risk of loss. There are no such defenses, however, to bank and wire fraud. The element of materiality in the bank and wire fraud statutes requires only that the Government show that the false or fraudulent information was or could have been material to the financial institution's decision to grant the loan. . . . Strassini admitted several times that he submitted false information to obtain loans. Accordingly, the false information was material.

> In any event, Strassini's acceptance of the plea agreement was not entirely predicated on his belief that materiality was not an element. Strassini would have faced thirty-nine separate criminal charges if he had gone to trial, resulting in a potential sentence of 991 years imprisonment and $31.5 million in fines.[2] Under the plea agreement, in contrast, Strassini only faced a potential sentence of 100 years imprisonment and about $5 million in fines and, importantly, the agreement also had stipulations that the Government would recommend downward departures if Strassini cooperated and accepted responsibility. Thus, although Strassini did not know that materiality was an element of bank and wire fraud at the time he pleaded guilty, if the district court had correctly advised Strassini regarding materiality, there is no reason to believe that Strassini would have sought to withdraw from the plea agreement.

***Strassini*, 59 Fed. Appx. at 552-54 (quoting *Neder*, 527 U.S. at 25) (other internal citations omitted) (footnote added).** The ruling of the Fourth Circuit constitutes the law of this case. Since Strassini would not have sought to withdraw his plea of guilty, any failure by his attorney to discuss *Neder* was not deficient. Indeed, as the Fourth Circuit noted, Strassini admitted making materially false representations, admissions which belie his attempts now to

---

[2]Indeed, the undersigned is tempted to vacate the Petitioner's sentence and force him to face trial of the entire gamut of charges. However, that result might be prejudicial to the United States and certainly would expend additional judicial resources.

discredit his attorney.[3]  ***Id., a*t 555 ("Strassini admitted multiple times that he submitted false, material information to financial institutions to obtain loans.").**  The omission to explain *Neder*, if in fact there was such an omission, "cannot undercut the overwhelming evidence and personal testimony by Strassini that he made false misrepresentations to support his loan applications and that the banks lent him money based on those false representations.  Strassini has never denied making these false representations and has never stated that he would have claimed otherwise at trial."  ***Id.*, at 555 n.4.**

The Fourth Circuit has recently addressed an almost identical argument in the context of a motion pursuant to § 2255.  In *United States v. Mauney*, 129 Fed. Appx. 770 (4th Cir. 2005), the petitioner also claimed that his attorney was ineffective by failing to advise him of the *Neder* decision before his trial on charges of mail and wire fraud.  The Fourth Circuit found that his attorney was not ineffective because the evidence of materiality of the

---

[3]The Court does not necessarily accept Strassini's representation that his attorney never discussed the *Neder* decision with him.  However, assuming *arguendo* that no such discussion was held, the result is no different.  In this case, the defendant's own admissions showed the materiality of his misrepresentations.

petitioner's misrepresentations was "overwhelming" and "essentially uncontroverted." ***Id*.**, **at 774.** The Circuit found that it "was absolutely clear from the record" that the victim was capable of being influenced by the false representation, noted the petitioner's numerous admissions, and found that he "was not prejudiced by his counsel's failure to challenge the indictment[4] and jury instructions under *Neder* on direct appeal, and the district court properly denied [his] § 2255 motion." ***Id.*, at 775 (footnote added).** The same is true in this case, and the Court rejects any claim of ineffective assistance of counsel. ***Preston v. United States*, 312 F.3d 959, 961 (8th Cir. 2002) ("The evidence supporting materiality in this case was overwhelming as the charged false statements went to the essence of the scheme to defraud." Thus, any error was harmless.); *Mankarious v. United States*, 282 F.3d 940, 944 (7th Cir. 2002) ("[S]ubstantial evidence of [petitioner's] participation in the fraud scheme existed so that the absence of a separate materiality instruction could not have had a substantial and injurious effect in determining the jury's verdict.").**

---

[4]Here, the indictment did allege materiality.

Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." **Strickland, supra**. However, assuming *arguendo* that counsel was deficient, the above cases show that the Petitioner cannot show prejudice.

Petitioner's second argument is that counsel was ineffective because he failed to "correct" the Petitioner's criminal history points. The undersigned found that the Petitioner had a criminal history category of IV. The presentence report disclosed the Petitioner had the following criminal convictions at the time of sentencing: (1) bank robbery, 3 points; (2) check fraud, 1 point; (3) theft, 1 point; (4) credit card fraud, 2 points; and (5) traffic infractions for which no criminal history points were assessed. **Presentence Report, dated May 26, 1999, at 11-14.** United States Sentencing Guidelines, Chapter 5, Part A provide that 7 criminal history points places a defendant in category IV. **Id., at 14.** In support of his motion, Petitioner states only that at his Rule 11 hearing, his history was established at category III and he was wrongly assessed a higher category. This conclusory statement is insufficient to show ineffective assistance.

Finally, the Petitioner argues that the prosecutor presented his 1996 tax return to the grand jury in order to obtain an indictment. Contained within the presentence report was one example of the manner in which the Petitioner defrauded banks in order to convince them to loan him money for his construction company.

> To corroborate his fictitious professional history and to generate funds for his businesses, Strassini fabricated federal income tax returns, Forms 1040 for himself and Forms 1120 for his two businesses. With these returns, the defendant claimed that he was the founder and CEO of multi-million dollar construction enterprises. He also sought the services of reputable accounting firms to create financial statements for his corporations. Strassini used these documents to secure loans and lines of credit for residential construction projects

*Id.*, **at 4.** The Fourth Circuit also noted that "Strassini submitted false Federal Tax Forms 1040 and 1120." ***Strassini*, 59 Fed. Appx. at 551.**

The test for prosecutorial misconduct has two elements: (1) whether the prosecutor's conduct was improper; and (2) whether such conduct prejudicially affected the defendant's substantial rights. ***United States v. Francisco*, 35 F.3d 116, 120 (4th Cir. 1994).** In view of the fact that the Fourth Circuit has held that the Petitioner submitted false tax returns, the prosecutor's use of those returns before a grand jury cannot be misconduct.

As a result, the Court rejects this conclusory allegation on the part of the Petitioner.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED.** A Judgment dismissing this action is filed herewith.

**Signed: November 7, 2005**

Lacy H. Thornburg
United States District Judge