# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NOS. 3:97cr54 & 3:98cr220

| | |
|---|---|
| JOHN DALEY STRASSINI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's *pro se* "Motion Pursuant FRCP 60(b), Emergency Coram Nobis" [Case No. 3:97cr54, Doc. 80; Case No. 3:98cr220, Doc. 74], filed August 18, 2009.

## I.   PROCEDURAL BACKGROUND

On November 7, 1997, the Petitioner was charged in United States v. Strassini, et al., Criminal Case No. 3:97cr54, with eleven counts of bank fraud and six counts of making material false statements to banks.  [Case No. 3:97cr54, Doc. 1].  On August 3, 1998, the Petitioner was charged in United States v. Strassini, et al., Criminal Case No. 3:98cr220, with six counts of bank fraud, seven counts of making material false statements to

banks, and one count of obstruction of justice. [Case No. 3:98cr220, Doc. 2]. On September 10, 1998, these two cases were consolidated for trial. [Case No. 3:97cr54, Doc. 25; Case No. 3:98cr220, Doc. 14]. On October 7, 1998, the Government superseded the bill of indictment in Criminal Case No. 3:98cr220 to add counts of mail and wire fraud, money laundering, conspiracy to money launder, and forfeiture. [Case No. 3:98cr220, Doc. 17].

On December 4, 1998, the Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to two counts of bank fraud in Criminal Case No. 3:97cr54 and one count each of wire fraud and money laundering in Criminal Case No. 3:98cr220. [Case No. 3:97cr54, Doc. 34; Case No. 3:98cr220, Doc. 28] The Petitioner entered his guilty plea on December 7, 1998. On August 24, 1999, the Petitioner was sentenced to concurrent sentences of 72 months of imprisonment. [Case No. 3:97cr54, Doc. 48; Case No. 3:98cr220, Doc. 40]. On March 2, 2000, the Judgment of Conviction was amended to add an order of restitution to First Citizens Bank in the amount of $21,198.00 and to Home Gold in the amount of $191,185.89. [Case No. 3:97cr54, Doc. 59; Case No. 3:98cr220, Doc. 51].

The Petitioner appealed both sentences and convictions. On March 11, 2003, the Court of Appeals affirmed. United States v. Strassini, 59 F. App'x 550 (4th Cir.), cert. denied, 540 U.S. 830, 124 S.Ct. 70, 157 L.Ed.2d 56 (2003).

On November 17, 2003, the Petitioner filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and prosecutorial misconduct. [Case No. 3:97cr54, Doc. 69; Case No. 3:98cr220, Doc. 62]. On November 7, 2005, the Court denied the Petitioner's motion. [Case No. 3:97cr54, Doc. 70; Case No. 3:98cr220, Doc. 63]. The Petitioner appealed, but his appeal was dismissed as untimely on November 27, 2006. [Case No. 3:97cr54, Doc. 77; Case No. 3:98cr220, Doc. 70].

The Petitioner completed his term of imprisonment and commenced a term of three years' supervised release on August 17, 2004. On July 16, 2007, the Petitioner's term of supervised release was extended for a period of one year due to his failure to make the required monthly restitution payments. [Case No. 3:97cr54, Doc. 78; Case No. 3:98cr220, Doc. 72]. The Petitioner's term of supervised release was modified again on August 5, 2008 to allow for the expiration of supervision with the outstanding restitution to be collected by civil means through the United States

Attorney's Office. [Case No. 3:97cr54, Doc. 79; Case No. 3:98cr220, Doc. 73].

## II. ANALYSIS

The Court may issue of a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651. As the Supreme Court has explained:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985). The writ provides "a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of habeas corpus." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998). A writ of error *coram nobis* is available only to correct errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954).

In reviewing a petition for a writ of error *coram nobis*, the Court "must presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner." Hanan v. United States, 402

4

F.Supp.2d 679, 684 (E.D. Va. 2005), aff'd, 213 F. App'x 197 *4th Cir. Jan. 22, 2007). The burden placed on a petitioner seeking a writ of *coram nobis* exceeds the burden placed on a habeas petitioner. Id. "This heavier burden is justified in *coram nobis* proceedings, because where, as here, the petitioner has completed his sentence, the government is unlikely to allocate scarce prosecutorial resources to retry a defendant who will not be resentenced. Thus, unlike a habeas proceeding, society's interest in preserving a valid conviction is greatly diminished, as there is no sentence to be completed." Id.

To prevail on a petition for a writ of *coram nobis*, a petitioner must show that: "(1) there are circumstances compelling such action to achieve justice; (2) sound reasons exist for failure to seek appropriate earlier relief; and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Fleming, 146 F.3d at 90 (quoting Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)). In order to obtain *coram nobis* relief on the basis of actual innocence, "a petitioner seeking relief must show that no rational trier of fact could find guilty beyond a reasonable doubt had it been given access to the newly discovered evidence." Hanan, 402 F.Supp.2d at 685.

In the present case, the Petitioner contends that there is "newly discovered evidence" which proves that he does not owe any restitution to Home Gold. Specifically, he charges that Home Gold made false claims of restitution to the Court and destroyed the documents related to its dealings with the Petitioner so as to hide their fraudulent actions. The Petitioner, however, offers no admissible evidence in support of these allegations. See Hanan, 402 F.Supp.2d at 685 (rejecting *coram nobis* claim where petitioner relied on "uncorroborated hearsay statements wholly lacking any indicia of reliability"); Reid v. United States, No. CR-92-00149-A-01 (JCC), 2006 WL 4748725, at *4 (E.D. Va. Sep. 22, 2006) (denying *coram nobis* claim where affidavit offered as newly discovered evidence was inadmissible hearsay), aff'd, 223 F. App'x 290 (4th Cir. Apr. 11, 2007). Having failed to present any admissible evidence in support of his claim, the Petitioner has failed to carry his burden of showing that his conviction and sentence were fundamentally flawed.

Additionally, the Petitioner has failed to demonstrate that sound reasons exist for his failure to seek appropriate relief earlier in these proceedings. The Petitioner alleges that Home Gold's fraudulent actions occurred in 2003, but he offers no justification for the six-year delay in

bringing this petition other than the general assertion that this information "has just become fully known to" him. [Case No. 3:97cr54, Doc. 80 at 2; Case No. 3:98cr220, Doc. 74 at 2]. Having failed to provide an adequate explanation for his failure to seek collateral relief earlier in these proceedings, the Petitioner's claim must be denied. See Foreman v. United States, 247 F. App'x 246, 248 (2d Cir. Sep. 11, 2007) (denying *coram nobis* petition where petitioner failed to provide sufficient justification for six-year delay in seeking relief).

The Petitioner also appears to seek relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Although the Petitioner does not specify the subsection of the Rule on which he relies, it appears that he is attempting to proceed under Rule 60(b)(2), which provides that the Court may relieve a party from a final judgment upon a showing of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The decision to grant a Rule 60 motion is a matter within the Court's sound discretion. See Hanan, 402 F.Supp.2d at 687.

The relief sought by the Petitioner pursuant to Rule 60(b) is unwarranted for the same reasons stated herein for the denial of the

petition for writ of error *coram nobis*. The Petitioner has not offered any evidence to support his allegation that the order of restitution to Home Gold was unwarranted. Even if the Petitioner's unsupported allegations could be considered "newly discovered evidence," the Petitioner has failed to demonstrate that he could not have discovered such "evidence" earlier with reasonable diligence. Accordingly, the Petitioner's request for relief under Rule 60(b) also must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion Pursuant FRCP 60(b), Emergency Coram Nobis" [Case No. 3:97cr54, Doc. 80; Case No. 3:98cr220, Doc. 74] is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 30, 2009

Martin Reidinger
United States District Judge